1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  LARRY CRUZ,                             )   1:13-cv-01762-BAM (PC)
                                           )
10            Plaintiff,                    )   ORDER DISMISSING ACTION FOR
                                           )   FAILURE TO OBEY A COURT ORDER
11       v.                                 )
                                           )   (ECF No. 6)
12  M. ESPINOSA, et al.,                    )
                                           )
13            Defendants.                   )
                                           )
14                                          )
                                           )
15                                          )
                                           )
16

17        Plaintiff Larry Cruz ("Plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on

19  November 1, 2013.  Plaintiff consented to the jurisdiction of the Magistrate Judge.  (ECF No. 5.)

20        On October 28, 2014, the Court found that Plaintiff's complaint stated a cognizable claim

21  for violation of the Eighth Amendment against Defendants Dunn, Hiracheta, Silva and Espinosa

22  in their individual capacities, but failed to state any other cognizable claims.  The Court ordered

23  Plaintiff, within thirty (30) days after service, to (1) either file a first amended complaint; or (2)

24  notify the Court that he did not wish to file an amended complaint and was willing to proceed

25  only on the cognizable claim.  More than thirty days have passed and Plaintiff has not complied

26  with or otherwise responded to the Court's order.

27
28

1

1    Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

2    any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

3    within the inherent power of the Court."   District courts have the inherent power to control their

4    dockets and "[i]n the exercise of that power they may impose sanctions including, where

5    appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

6    court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

7    failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran,

8    46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

9    Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

10   requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th

11   Cir. 1987) (dismissal for failure to comply with court order).

12   In determining whether to dismiss an action, the Court must consider several factors: (1)

13   the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

14   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

15   cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779

16   F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

17   The Court finds that the public's interest in expeditiously resolving this litigation and the

18   Court's interest in managing the docket weigh in favor of dismissal.  This action has been

19   pending since November 2013.  Plaintiff has made no attempt to contact the Court or otherwise

20   comply with the Court's October 2014 order.  The Court cannot hold this case in abeyance

21   awaiting such compliance by Plaintiff.  The third factor, risk of prejudice to defendants, also

22   weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

23   unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th

24   Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is

25   greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the court's

26   warning to a party that failure to obey the court's order will result in dismissal satisfies the

27   "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-

28   133; Henderson, 779 F.2d at 1424.  The Court's order issued on October 28, 2014, expressly

2

1   stated "If Plaintiff fails to comply with this order, this action will be dismissed, without

2   prejudice, for failure to obey a court order."  (ECF No. 6, p. 9.)  Thus, Plaintiff had adequate

3   warning that dismissal could result from his noncompliance with the Court's order.

4          For the reasons stated above, this action is DISMISSED based on Plaintiff's failure to

5   obey the Court's order of October 28, 2014.

6

7   IT IS SO ORDERED.

8      Dated:    **December 9, 2014**              /s/ *Barbara A. McAuliffe*        _

9                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28