1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CRUZ, | ) 1:13-cv-01762-BAM (PC) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S<br>) MOTION FOR RECONSIDERATION<br>) (ECF No. 9) |
| v. | ) |
| M. ESPINOSA, et al., | ) |
| Defendants. | ) ORDER VACATING JUDGMENT AND<br>) DIRECTING CLERK OF COURT TO<br>) REOPEN ACTION AND PROVIDE<br>) PLAINTIFF WITH A COPY OF THE<br>) COURT'S SCREENING ORDER |
| | ) |
| | ) |
| _____ ) |

I.     **Procedural Background**

Plaintiff Larry Cruz ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 1, 2013.  On October 28, 2014, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff stated a cognizable claim for violation of the Eighth Amendment against Defendants Dunn, Hiracheta, Silva and Espinosa, but failed to state any other claims.  The Court directed Plaintiff to either file a first amended complaint or notify the Court that he did not wish to file an amended complaint and was willing to proceed only on the cognizable Eighth Amendment claim within thirty days from the date of service.  (ECF No. 6.)

On December 9, 2014, after more than thirty days had passed and Plaintiff failed to respond to the Court's order, the Court dismissed the action for failure to obey a court order. (ECF No. 7.)  Judgment was entered the same date.  (ECF No. 8.)

On January 12, 2015, Plaintiff filed the instant motion for reconsideration of the order dismissing this action.  (ECF No. 9.)  Plaintiff submitted the motion for mailing on January 5, 2015.  (ECF No. 9, p. 31.)

## II.    Motion for Reconsideration

Applying the prison mailbox rule, Plaintiff filed his motion for reconsideration 27 days after entry of judgment.  <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009).  A motion for reconsideration, such as that filed by Plaintiff, is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry of judgment.  <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ. P. 59(e).

Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. <u>School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. <u>See</u> <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir.1986).

Here, Plaintiff claims that reconsideration is warranted because he never received the Court's screening order dated October 28, 2014.  In his declaration supporting the motion, Plaintiff reports that on September 8, 2014, he filed a "Request Update Status on Complaint" regarding this action.  The Clerk of the Court sent Plaintiff a copy of the docket, which showed that Plaintiff's complaint had not yet been screened.  (ECF No. 9, Pl's Dec. ¶¶ 4-5, Ex. B.) Thereafter, on December 12, 2014, Plaintiff received the Court's order that this action had been dismissed for failure to obey the Court's October 28, 2014 order.  Plaintiff declares under penalty of perjury that he never received the Court's October 28, 2014 order.  (ECF No. 9, Pl's

Dec. ¶¶ 6-7.)  Plaintiff states that if he had received any court documents, then he would comply with court rules in a timely manner.  (Id. at ¶ 12.)

The Court has considered Plaintiff's moving papers, and finds that they support relief under Rule 59(e) due to highly unusual circumstances.  Plaintiff has represented to the Court under penalty of perjury that he did not receive the Court's October 28, 2014 screening order.  Plaintiff therefore should not be penalized for failure to obey a court order that he did not receive.  Accordingly, Plaintiff's motion to alter or amend the judgment shall be granted.  The Clerk of the Court will be directed to vacate the entry of judgment, reopen this action and mail Plaintiff a copy of the Court's October 28, 2014 screening order.  Within thirty days following service of the screening order, Plaintiff must either file a first amended complaint or notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on the cognizable Eighth Amendment claim against Defendants Dunn, Hiracheta, Silva and Espinosa.

### III.    Conclusion and Order

Based on the foregoing reasons, it is HEREBY ORDERED as follows:

1.  Plaintiff's motion for reconsideration is GRANTED;

2.  The Clerk of the Court is directed to VACATE the judgment entered on December 9, 2014, and reopen this action;

3.  The Clerk of the Court shall mail Plaintiff a copy of the Court's screening order issued on October 28, 2014;

4.  Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a.  File a first amended complaint curing the deficiencies identified by the Court in this order, or

    b.  Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on the cognizable Eighth Amendment claim against Defendants Dunn, Hiracheta, Silva and Espinosa; and

5. **If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order**.

IT IS SO ORDERED.

Dated:   **January 23, 2015**                    /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE