UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. ESPINOSA, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01762-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 26, 27)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

　　Plaintiff Larry Cruz ("Plaintiff"), a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, initiated this action on November 1, 2013. This action proceeds against Defendants Dunn, Hiracheta, Silva, and Espinosa for excessive force in violation of the Eighth Amendment.

**I.　Background**

　　On July 24, 2015, Defendants filed a motion for summary judgment for failure to exhaust administrative remedies. Fed. R. Civ. P. 56. Plaintiff did not file any response to that motion. As a result, on August 25, 2015, the Court issued an order requiring Plaintiff to file an opposition or statement of non-opposition within twenty-one days. (ECF No. 25.) In response to the Court's order,

1

1  on September 24, 2015, Plaintiff filed a motion requesting a copy of Defendants' motion for summary
2  judgment. (ECF No. 26.) In the motion, Plaintiff stated that he received the Court's August 25, 2015
3  order but did not receive Defendants' July 24, 2015 motion for summary judgment. (Id. at 4.) As a
4  result, on September 28, 2015, this Court directed Defendants to re-serve their motion for summary
5  judgment on Plaintiff. (ECF No. 27.) The Court further ordered Plaintiff to file an opposition to
6  Defendant's motion within twenty-one days of re-service, and warned him that "the failure to comply
7  with this order will result in dismissal of this action, with prejudice, for failure to prosecute." (Id. at 2.)
8        On September 28, 2015, Defendants filed an amended certificate of service, certifying that on
9  that date they re-served Plaintiff at his address of record via first-class mail with their motion for
10 summary judgment. (ECF No. 28.) Defendants further certify that they re-served Plaintiff with notice
11 of his obligations in opposing a motion for summary judgment. (Id.). See Woods v. Carey, 684 F.3d
12 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849
13 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to the Court's September 28, 2015 order, Plaintiff's
14 opposition to the motion for summary judgment was due on or before October 22, 2015, but he has
15 failed to submit any opposition to Defendant's motion in compliance with that order and Local Rule
16 230(l), and has made no response to the order.  As of the date of this order, Plaintiff's opposition is
17 over one month overdue.

18 **II.      Discussion**

19       Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any
20 order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the
21 inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n
22 the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."
23 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
24 prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to
25 comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
26 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal
27 for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service,
28 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for almost two years, and Plaintiff has been served with Defendants' motion for summary judgment for over a month without any response or opposition. Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendants' notice, Plaintiff did not file a timely opposition. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re PPA, 460 F.3d at 1228.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's September 28, 2015 order requiring Plaintiff to respond to Defendant's motion for summary judgment expressly warned him that he failure to comply with that order would result in dismissal of this action, with prejudice, for failure to prosecute. (ECF No. 27, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order. Also, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in

this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

In summary, Plaintiff filed this action but is no longer prosecuting it. The Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

### III.     Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 30, 2015**          /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE